**WEIRICH, Plaintiff-Appellee, v. HANE, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4052.   Decided October 8, 1948.

Little & Little, Columbus, for plaintiff-appellee.

Hedges, Hoover & Tingley, Stewart A. Hoover and John Benson, of Counsel, Columbus, for Garnishee-Appellant, The Market Exchange Bank Company.

## OPINION

By THE COURT.

This is an appeal on questions of law from an order of the Municipal Court of Columbus, Ohio, ordering The Market Exchange Bank as garnishee to pay into the Clerk's office the sum of $160.93.

The record discloses that on February 21, 1947, the plaintiff-appellee filed a petition seeking a judgment on a promissory note to which was attached the usual and regular power of attorney of the maker of the note to confess a judgment. An answer for the defendant was filed by an attorney at law confessing judgment for the sum of $160.93. On the same day there was filed on behalf of the plaintiff-appellee an affidavit stating that The Market Exchange Bank had in its possession property of the defendant consisting of money on deposit which was not exempt from execution. On the same day the plaintiff-appellee caused an order to be issued to The Market Exchange Bank to appear and answer as to its liability to the defendant. This order was served upon the bank on February 24, 1947, which was the next business day.

The record discloses further that on February 21, 1947, Joe Hane, the defendant, executed his certain promissory note to The Market Exchange Bank for the principal sum of $350.00 which contained the following clause:

"The undersigned do hereby authorize and empower the said Bank, at its option at any time to appropriate and apply to the payment and extinguishment of any of the above named obligations or liabilities whether now existing or hereafter contracted, any and all moneys now or hereafter in the hands of said Bank, on deposit or otherwise, to the credit of or belonging to the undersigned, whether the said obligations or liabilities are then due or not due."

The aforesaid note by its express terms was due thirty days

after date. After the receipt of the order to appear and answer, but within the same business day, to wit, February 24th, The Market Exchange Bank Company applied all the balance of the account of Joe Hane to the payment of his note. The Bank filed its answer to the garnishment proceedings stating there was nothing due from it to the defendant, Joe Hane. On this state of facts the trial court issued the order appealed from.

The sole assignment of error relied upon by the appellant-garnishee is that under the evidence the Court erred in ordering the garnishee to pay into Court the sum of $160.93. The Bank is contending that it had a right to set-off and apply the deposit of the defendant Joe Hane on the debt due the appellant after service of an order in aid of execution, citing §11321 GC, which provides:

"When cross-demands have existed between persons under such circumstances that if one had brought an action against the other a counter-claim or set-off could have been set up, neither can be deprived of the benefit thereof by assignment by the other, or by his death. The two demands must be deemed compensated as far as they equal each other."

It will be noted that this section provides that when cross-demands have existed a counterclaim or set-off is allowed. Now did the Bank have a cross-demand against the defendant, Joe Hane, at the time the process was served upon it? The note by its express terms was not due and the Bank had not exercised its option to apply this money on the note. Under this state of facts we are of the opinion that §11321 GC has no application. A careful examination of authorities noted by the appellant discloses that in each case the debt was due or in default in some manner. Such not being the case in the case at bar, they are not applicable.

In the case of **Union Trust Co. v. Nusbaum,** 7 Abs. 660, under a state of facts similar to this case, Levine, J., said:

"It will be observed that on May 15, the obligation of the note did not yet mature, and in our opinion The Union Trust Company could not apply the money in its hands to the payment of a note which as yet did not mature."

We find no error in the record and the judgment is affirmed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.